UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BARBARA JANE MARTELL,

        Petitioner,              Case No. 1:06-cv-523

v.                                   Honorable Richard Alan Enslen

SUSAN DAVIS,

        Respondent.
_____/

**ORDER OF TRANSFER
TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Huron Valley Correctional Facility for women.

Petitioner's application in this Court is second and/or successive because she previously brought a habeas action that was dismissed on the merits by the Court. *See Martell v. Yukins*, 1:97-cv-190 (W.D. Mich. July 11, 1997). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987).

A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect.

*Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Villanueva v. United States*, 346 F.3d 55, 60 n.1 (2d Cir. 2003) (holding that a dismissal of a petition under § 2255 on the grounds of the statute of limitations is a decision on the merits for purposes of determining whether a petition is second or successive, and noting that the rule applies equally to cases under § 2254).

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually meet the standard therein). The instant Petition was mistakenly filed in the district court. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore,

**IT IS HEREBY ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

DATED in Kalamazoo, MI:     /s/ Richard Alan Enslen
   August 4, 2006          RICHARD ALAN ENSLEN
                                 SENIOR UNITED STATES DISTRICT JUDGE